# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SILVERIO ARENAS, JR., <br><br> Plaintiff, <br> v. <br><br> JAY INSLEE, et al., <br><br> Defendant. | CASE NO. 19-cv-5339-RJB <br><br> ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND PLAINTIFF'S MOTION TO APPOINT COUNSEL |

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint (Dkt. 6) and Plaintiff's Motion to Appoint Counsel (Dkt. 7). The Court has considered the pleadings filed regarding the motions, the record, and it is fully advised.

For the reasons set forth below, Plaintiff's Motion to Amend Complaint should be granted, in part, and denied, in part, and Plaintiff's Motion to Appoint Counsel should be denied.

## I. BACKGROUND

On April 21, 2019, Plaintiff Silverio Arenas, Jr., PhD, proceeding pro se, filed a proposed complaint and motion to proceed in forma pauperis ("IFP"). Plaintiff's IFP motion was referred to Magistrate Judge David W. Christel, who ordered Plaintiff to show cause why his IFP motion

ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND PLAINTIFF'S MOTION TO APPOINT COUNSEL - 1

should not be denied or pay the $400.00 filing fee. Dkt. 2. Plaintiff paid the filing fee and filed his complaint. Dkt. 3. On July 1, 2019, Plaintiff filed the instant Motion to Amend Complaint and provided the Court with a proposed amended complaint. Dkt. 6.

Plaintiff's proposed amended complaint alleges numerous state and federal claims against Defendants, who consist of 19 Washington state employees and officials. *See* Dkt. 6. The proposed amended complaint provides that Plaintiff "is a Hispanic, bilingual/bicultural (Spanish-English/Chicano) individual and licensed psychologist" who worked for the Washington Department of Labor & Industries ("L&I") "as a small business independent contracted [*sic*] provider for more than 30 years." Dkt. 6-1, at 4. Plaintiff's claims appear to stem from an allegedly unlawful audit against him by L&I on September 5, 2014. Dkt. 6-1, at 8. L&I allegedly demanded repayment of $201,791.86 with interest for services between July 1, 2012, through June 13, 2014, because of 1,812 incompliant billing entries and for Plaintiff's failure to comply with charting documentation guidelines and procedures. Dkt. 6-1, at 8. The proposed amended complaint provides, in part, that the audit and other actions of the defendants were racially and culturally discriminatory. *See, e.g.,* Dkt. 6-1, at 10. Plaintiff asks for injunctive relief and claims at least $2,180,000.00 in damages. Dkt. 6-1, at 27–28.

Pending before the Court are Plaintiff's Motion to Amend Complaint (Dkt. 7) and Plaintiff's Motion to Appoint Counsel (Dkt. 7). The motions are unopposed, although it is unclear whether, and it does not appear that, Defendants have been served.

## II. DISCUSSION

### 1. MOTION TO AMEND COMPLAINT

Plaintiff wrote in support of the instant Motion to Amend Complaint, "[the proposed amended complaint] includes some typographical and grammatical corrections, as well as some

substantive additions and omissions, while preserving the same principal elements in the original. The amended document requests a bench trial instead of a jury trial, asserts a prima facie presentation, and includes additional defendants and facts." Dkt. 6, at 1. Plaintiff also asks "for the court to extend the already set time deadlines in my case by thirty to sixty days to allow me to read and become better informed and knowledgeable[.]" Dkt. 6, at 2.

Below, the Court first discusses Plaintiff's request for leave to amend; second, Plaintiff's bench trial request; and, finally, Plaintiff's deadline extension request.

### a. Leave to Amend

Under Rule 15(a)(2), courts should freely give leave to amend a complaint when justice so requires, a policy that should applied with extreme liberality. Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Courts may decline to grant leave to amend only if there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.,* 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'[T]he consideration of prejudice to the opposing party carries the greatest weight.'" *Id*. (quoting *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003)).

Plaintiff's Motion to Amend Complaint is unopposed, and it does not appear that it would prejudice opposing parties. Plaintiff states that the proposed amendments provide, in part, corrections and facts and additional defendants. Dkt. 6. Therefore, the Court should grant leave for Plaintiff to amend the complaint.

### b. Bench Trial Request

The proposed amended complaint also replaces the original complaint's jury demand with a request for a bench trial. Dkt. 6.

Rule 38 provides: "A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). Rule 39 provides:

> (a) **When a Demand Is Made.** When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
>
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.
>
> []
>
> (d) **Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed. R. Civ. P. 39(a)(1)-(2), (d).

Plaintiff has not provided, nor does there appear to be, any stipulation to a nonjury trial. Therefore, at this time, the Court should deny Plaintiff's Motion to Amend Complaint as to its request for a bench trial only, without prejudice. This order should not be construed as the Court ruling that Plaintiff has or has not waived a jury trial.

### c. Deadline Extension Request

Plaintiff also asks "for the court to extend the already set time deadlines in my case by thirty to sixty days to allow me to read and become better informed and knowledgeable[.]" Dkt.

6, at 2. Although unclear, it appears that Plaintiff may be referring to the Joint Status Report deadline, July 29, 2019, or the effective service deadline established in Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Regardless, the Court is uncertain what deadlines Plaintiff seeks to extend. Therefore, the Court should deny without prejudice Plaintiff's Motion to Amend as to Plaintiff's deadline extension request. However, the Court observes that Plaintiff may have not yet served Defendants, which may affect the upcoming JSR deadline of July 29, 2019. The Court will consider requests to extend deadlines by motion.

## 2. MOTION TO APPOINT COUNSEL

In proceedings in forma pauperis, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to appoint such counsel is within the sound discretion of the trial court but is granted only in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of (1) the likelihood of the plaintiff's success on the merits and (2) an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)).

Here, the proceedings are not in forma pauperis (see Dkt. 2), and Plaintiff has not shown exceptional circumstances warranting court-appointed counsel. Plaintiff's Application for Court-Appointed Counsel indicates that Plaintiff has not obtained a determination of reasonable cause

from the Equal Employment Opportunity Commission, the Washington State Human Rights, Commission, or any other state or federal agency. Dkt. 7, at 2. The Parties have not yet filed a Joint Status Report (due July 29, 2019), and at this early point in the case, the Court is unable to evaluate the likelihood of plaintiff's success on the merits nor evaluate Plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Plaintiff provides that he has "contacted over twenty attorneys and at least three public service organizations, and … [they] all declined." Dkt. 7, at 2. Plaintiff's difficulty obtaining counsel does not amount to a showing of exceptional circumstances warranting court-appointed counsel.

There is no basis for court-appointed counsel at this time. Therefore, Plaintiff's Motion to Appoint Counsel should be denied without prejudice. However, the Court urges Plaintiff to consider continuing his efforts to obtain the assistance of private counsel.

### III.  ORDER

**THEREFORE**, it is hereby **ORDERED** that:

- Plaintiff's Motion to Amend Complaint (Dkt. 6) is **GRANTED, in part, and DENIED, in part,** as follows:
    - Plaintiff's Motion to Amend Complaint is **GRANTED** as to Plaintiff's request for leave to amend;
    - Plaintiff's Motion to Amend Complaint is **DENIED WITHOUT PREJUDICE** as to Plaintiff's bench trial request only;
    - Plaintiff's Motion to Amend Complaint is **DENIED WITHOUT PREJUDICE** as to Plaintiff's deadline extension request.

///

///

ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND PLAINTIFF'S MOTION TO APPOINT COUNSEL - 6

- Plaintiff's Motion to Appoint Counsel (Dkt. 7) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of July, 2019.

ROBERT J. BRYAN
United States District Judge