UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SILVERIO ARENAS, JR., <br><br> Plaintiff, <br> v. <br><br> JAY INSLEE, *et al.*, <br><br> Defendants. | CASE NO. 3:19-cv-05339-RJB <br><br> ORDER ON DEFENDANTS' MOTION TO DISMISS AND FOR RELIEF FROM DEADLINES |

      This matter comes before the Court on Defendants' Motion to Dismiss and for Relief from Deadlines (Dkt. 43). The Court has considered documents filed in support of and in opposition to the motion, the remaining file, and the file in Western District of Washington Bankruptcy Court Adversary Case No. 19-01134-MLB. The Court is fully informed.

      In the pending motion, Defendants move to dismiss or consider this matter resolved because it has already been adjudicated by the Bankruptcy Court and on appeal. For the reasons set forth in this Order, Defendants' motion should be granted, all remaining pending motions should be denied as moot, and this case should be dismissed.

ORDER ON DEFENDANTS' MOTION TO DISMISS AND FOR RELIEF FROM DEADLINES - 1

# I. BACKGROUND

The relevant facts are detailed in the United States Bankruptcy Appellate Panel's ("BAP") Memorandum on the parties' motions for summary judgment, Case No. 21-1056, Dkt. 18. Dkt. 44 at 40; *see* Western District of Washington Bankruptcy Case No. 19-01134-MLB, Dkt. 105. The relevant procedural history is recited below.

Plaintiff proceeding *pro se*, Dr. Silvio Arenas, Jr., filed his original complaint on April 26, 2019, and an amended complaint on July 26, 2019. Dkts. 3 and 9. On October 13, 2019, the Court reassigned Dr. Arenas' case to the Western District of Washington Bankruptcy Court as Adversary Case No. 19-01134-MLB because Plaintiff had a pending Chapter 13 Bankruptcy proceeding, Case No. 17-10940-MLB. Dkt. 36. In a notice of trial and order setting deadlines, the bankruptcy court notified the parties that, as set forth in Western District of Washington Local Bankruptcy Rule 7012-1(c), "failure by a party to file a Notice Regarding Final Adjudication and Consent . . . shall constitute that party's consent to entry of final orders or judgments by the bankruptcy judge." Dkt. 44, Exh. 2. On February 6, 2020, plaintiff and defendants each filed separate Notices of Regarding Final Adjudication and Consent, in which they expressly consented to the entry of final orders and judgment by the bankruptcy court. *Id.*, Exhs. 3 at 4.

Defendants moved for summary judgment before the bankruptcy court, arguing that dismissal was appropriate under Federal Rule of Civil Procedure 12(b)(6), because Dr. Arenas failed to plead necessary facts to establish or provide any evidence to support his claims, and because Eleventh Amendment immunity precluded claims against the state officials in their official capacities. Dkt. 44 at 45. The bankruptcy court considered Defendants' motion and heard oral argument. *Id.* Though Dr. Arenas did not respond in opposition to Defendants'

motion for summary judgment, the bankruptcy court permitted him to speak at oral argument. *Id.* The bankruptcy court noted that the claims were difficult to analyze because there were so many and because Dr. Arenas did not tie his asserted facts to the relevant claims. *Id.* at 46. Nonetheless, the bankruptcy court ruled that summary judgment was appropriate because Dr. Arenas failed to contest evidence provided by Defendants and that certain claims should be dismissed under Rule 12(b)(6) because Dr. Arenas failed to state a claim for which relief could be granted. *Id.* The court entered judgment in Defendants' favor. *Id.*

Dr. Arenas moved for reconsideration of the bankruptcy court's order granting summary judgment and, before the court entered its order denying reconsideration, appealed to the BAP. *Id.* The BAP affirmed the bankruptcy court's order granting Defendants' motion for summary judgment and dismissing Dr. Arenas' claims. *Id.* at 53. Dr. Arenas is currently appealing the BAP decision to the Ninth Circuit, United States Court of Appeals for the Ninth Circuit Case No. 21-60062. Dkt. 44, Exh. 7.

## II.  DISCUSSION

Defendants' motion to dismiss should be granted because Dr. Arenas' claims have already been litigated in the bankruptcy court.

Under 28 U.S.C. § 158(c)(1), appeal of a final judgment entered by bankruptcy court "shall be heard by a 3-judge paned of the bankruptcy appellate panel service . . . unless . . . the appellant elects at the time of filing the appeal . . . to have such appeal heard by the district court." *See also* Fed. R. Bankr. P. 8005, Election to Have an Appeal Heard by the District Court Instead of the BAP.

As outlined above, Dr. Arenas litigated his claims in the Bankruptcy Court. He had the option of appealing that judgment to district court under 28 U.S.C. § 158(c)(1), but he appealed

to the BAP instead. The BAP heard his appeal and affirmed the Bankruptcy Court's order. Therefore, this matter has been resolved and the Court does not have jurisdiction to further litigate Dr. Arenas' claims. Other than a notice of appeal, further pleadings filed in this case will be filed by the clerk of the court but no further action will be taken.

### III.   ORDER

Therefore, it is hereby ORDERED that:

- Defendants' Motion to Dismiss and for Relief from Deadlines (Dkt. 43) **IS GRANTED**;
- This case **IS CLOSED**;
- All other pending motions (Dkts. 46, 47, 53) **ARE DENIED** as moot;
- Other than a notice of appeal, further pleadings filed in this case will be filed by the clerk of the court but no further action will be taken.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of July, 2022.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTION TO DISMISS AND FOR RELIEF FROM DEADLINES - 4